**Hermann R. HABICHT**

v.

**The UNITED STATES.**

**No. 102–55.**

United States Court of Claims.

June 6, 1962.

As Amended June 29, 1962.

Samuel T. Ansell, Jr., Washington, D. C., for plaintiff.

Gerson B. Kramer, Silver Spring, Md., with whom was Asst. Atty. Gen. William H. Orrick, Jr., for defendant.

WHITAKER, Judge.

In the opinion handed down on June 7, 1961, we held that plaintiff was entitled to accrued annual leave during the period of his suspension, in addition to the annual leave he had accrued as of January 1, 1952, which was the maximum number of hours he could accrue as of that date had he not been suspended. We had so held in Hynning v. United States, 141 Ct. Cl. 486. Since that time, however, the court has decided Zeiger v. United States, 1961, Ct.Cl., 295 F.2d 915, in which we overruled Hynning and other cases, and held that an employee could not accrue annual leave during the period of his suspension in excess of the maximum annual leave he could accumulate up to the date of his suspension. We

137 Ct.Cl. 710; Travis v. United States, 146 F.Supp. 847, 137 Ct.Cl. 148; Bailey v. United States, 134 Ct.Cl. 471.

have followed Zeiger in a number of subsequent cases. We think it was correctly decided; hence, defendant's motion to alter our former judgment is allowed and that part of our former judgment holding that plaintiff was entitled to recover accrued annual leave during the period of his suspension, will be vacated and set aside; otherwise the opinion of June 7, 1961, in all other respects will stand, the petition will be dismissed and an appropriate conclusion of law will be entered.

Plaintiff's motion for relief from judgment and for a re-hearing is denied.

It is so ordered.

JONES, Chief Judge, and LARAMORE and DURFEE, Judges, concur.

DAVIS, Judge, took no part in the consideration and decision of this case.